IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GERRAL SCHRAY STUART                                                     PLAINTIFF

v.                                     Civil No. 4:18-cv-4008

OFFICER NANCY COMBS, Miller
County Detention Center ("MCDC"); and
OFFICER COBWELL, MCDC                                   DEFENDANTS

**ORDER**

Plaintiff Gerral Schray Stuart filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is currently before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

On January 10, 2018, Plaintiff filed his Complaint. (ECF No. 1). He is currently incarcerated in the Miller County Detention Center ("MCDC") as a pre-trial detainee. Plaintiff has named Nancy Combs and Officer Cobwell as Defendants in this action, and makes two claims against them. First, Plaintiff claims that his constitutional rights were violated on December 11, 2017, when Defendant Cobwell told him it was Defendant Combs's responsibility to return his "legal paperwork" to him. (ECF No. 1, p. 4). His second claim is that Defendant Combs refused to "get [him] back [his] legal documents on time on an ongoing case." (ECF No. 1, p. 5). Plaintiff alleges no injury with respect to either of these two claims. In what appears to be a handwritten grievance attached to the Complaint, Plaintiff specifically alleges that on December 11, 2017, Defendant Cobwell mishandled his

"Certificate of Inmate Amount and Assets Form" and that Defendant Combs refused to sign off on this paperwork.[1] (ECF No. 1, p. 8-9).

Plaintiff asserts his claims against Defendants in their individual and official capacities. Although he has not alleged any specific injury as a result of the conduct of Defendants, Plaintiff seeks compensatory and punitive damages in the amount of $10,000,000, in addition to the firing of all officers who did not properly preform their jobs. (ECF No. 1, p. 7).

## II. STANDARD

Under the PLRA, the court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it: (1) contains claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

---

[1] Although Plaintiff's Complaint does not describe the "legal paperwork" that is the subject of his claims, the Court assumes that Plaintiff refers to the Certificate of Inmate Amount and Assets Form that he references in his handwritten grievance.

## III. DISCUSSION

Plaintiff has asserted claims against Defendants in both their individual and official capacities. For purposes of this screening order, the Court will first examine Plaintiff's individual capacity claims. The Court will then examine Plaintiff's official capacity claims.

**A. Individual Capacity Claims**

Plaintiff claims that Defendants mishandled and refused to sign his Certificate of Inmate Account and Assets form on December 11, 2017. In order to complete an application to proceed *in forma pauperis* in a section 1983 lawsuit, a prisoner is required to complete the Certificate and obtain the signature of an authorized prison officer, confirming how much money the prisoner has in his account and indicating what the prisoner's monthly average account balance has been for the previous six months.[2]

The Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Prison officials must provide inmates with "meaningful access to the courts." *Id.* at 824. To prevail on a denial-of-access-to-the-courts claim, a prisoner must show that "the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

Here, Plaintiff's claims fail because he has not alleged that he suffered actual injury or prejudice. Plaintiff alleges that Defendants mishandled and refused to sign his Certificate of Inmate Account and Assets on December 11, 2017. Plaintiff filed one section 1983 suit with this Court before

---

[2] The Court assumes, for purposes of this Order, that Plaintiff wanted the Certificate of Inmate Account and Assets form in order to file a civil rights claim pursuant to 42 U.S.C. § 1983.

3

that date (*Stuart v. Sanders*, No. 4:17-cv-4107-SOH, filed on November 30, 2017), and four section 1983 suits with this Court after that date (*Stuart v. King*, No. 4:17-cv-4119-SOH and *Stuart v. Cobwell*, No. 4:17-cv-4120-SOH, both filed on December 20, 2017, and the instant case and *Stuart v. Smith*, No. 4:18-cv-4006-SOH, both filed on January 10, 2018). In each of these ongoing cases, Plaintiff submitted a Certificate of Inmate Account and Assets that was signed and completed by Defendant Combs. The Court accepted the Certificate and granted Plaintiff's motions to proceed *in forma pauperis* in each of these lawsuits. Plaintiff has failed to identify the ongoing court proceeding related to his claims and has failed to allege how Defendants' actions denied him access to the courts. Further, Plaintiff has failed to allege with specificity that he suffered actual injury because of Defendants' actions. Accordingly, Plaintiff's allegations fail to state a claim against Defendants in their individual capacities. Therefore, the Court finds that Plaintiff's individual capacity claims should be dismissed.

### B. Official Capacity Claims

Plaintiff also asserts claims against Defendants in their official capacities. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, an official capacity claim against Defendants is treated as a claim against their employing governmental entity, Miller County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Miller County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, a plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). In

*Johnson v. Douglas County Medical Department*, the Eighth Circuit outlined the necessary elements for establishing the existence of an unconstitutional custom:

> To establish a claim for "custom" liability, [Plaintiff] must demonstrate: 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and 3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

725 F.3d 825, 838 (8th Cir. 2013) (citations omitted).

In this case, Plaintiff has not described any custom or policy of the MCDC that caused any alleged violation of his constitutional rights. He has simply alleged that Defendants mishandled and refused to sign his Certificate of Inmate Account and Asset form on one occasion. (ECF No. 1, p. 5-6). Accordingly, Plaintiff has a failed to state an official capacity claim against Defendants. Therefore, the Court finds that Plaintiff's official capacity claims should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii). **The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is DIRECTED to place a section 1915 strike flag on the case.**

**IT IS SO ORDERED**, this 29th day of January, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge